**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHRISTINA RUSSELL, an individual, | No. 09-35435 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00309-TSZ |
| v. | |
| COMCAST CORPORATION, a foreign corporation, Short Term Disability Plan and Long Term Disability Plan sponsor for the Comcast Short Term Disability and Long Term Disability Plans; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted April 8, 2010
Seattle, Washington

Before: HAWKINS, LUCERO,** and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

We review de novo an order granting summary judgment and a district court's determination of the appropriate standard of review of an ERISA administrator's decision. *Sznewajs v. U.S. Bancorp Amended & Reinstated Supplemental Benefits Plan*, 572 F.3d 727, 732 (9th Cir. 2009). "In the absence of a conflict, judicial review [of an ERISA administrator's decision] . . . involves a straightforward application of the abuse of discretion standard." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009). When a conflict of interest exists, we apply "abuse of discretion review, tempered by skepticism commensurate with the plan administrator's conflict of interest." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 959 (9th Cir. 2006).

When a plan insurer is also the administrator, there is a structural conflict of interest. *Montour*, 588 F.3d at 630. Here, Comcast delegated administration of the Short Term Disability Plan ("STD" Plan) to Broadspire, though Comcast retained authority to review Broadspire's determinations. We need not determine here whether this arrangement creates a structural conflict (as to Comcast) under *Montour*, because—even if there were a conflict—the "skepticism commensurate" with the conflict is slight. *Abatie*, 458 F.3d at 959. It is common for an ERISA administrator to be both a plan insurer and administrator, and "[t]he level of skepticism with which a court views a conflicted administrator's decision may be

2

low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history." *Id.* at 968. There is no evidence in the record that suggests heightened scrutiny is appropriate. Rather, the record reflects the opposite, that Comcast did not interfere with Broadspire's administration of the STD plan. Thus, Comcast's conflict—if there is one at all—only merits limited skepticism.

In addition to administering the STD plan, Broadspire also insured[1] the Long Term Disability Plan ("LTD" Plan). Because Russell was not eligible for STD benefits for 26 weeks, she was never eligible for LTD benefits. Russell argues that Broadspire acted as a "gatekeeper" with regard to LTD benefits, denying STD benefits in order to prevent eligibility for LTD benefits. While there is no case law suggesting that such an arrangement is inherently a conflict, this situation is analogous to situations where the plan administrator is also the insurer. Again, such a conflict, without more, does not require much skepticism. Thus, it is of little importance to the outcome of this case if there is technically a conflict as to Broadspire. Because there is no evidence in the record of self-dealing or malice,

---

[1] Though Comcast and Broadspire argue that another entity insured the plan, the record before this panel contains no such evidence and suggests that Broadspire insured the plan.

3

we find that only minimal skepticism should temper our abuse of discretion review of Broadspire's determinations.

Finally, we note that the district court decided this case before our decision in *Montour*, 588 F.3d at 623. Though the district court did not have the benefit of *Montour*, we find the district court's analysis consistent with that opinion. The district court properly reviewed Broadspire's determinations for an abuse of discretion. We also find ample evidence on the record to support Broadspire's determination under this standard. Comcast made no administrative decisions for this panel to review, and no determinations were made by either defendant under the LTD plan. Accordingly, the district court is AFFIRMED.